**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-1565

SKRATCH LABS LLC, a Colorado limited liability company,

 Plaintiff,

v.

DELIVERY NATIVE, INC., d/b/a "Scratch Kitchen," a Delaware Corporation,

 Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Skratch Labs LLC ("Skratch Labs" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Complaint and Jury Demand against Delivery Native, Inc., doing business as Scratch Kitchen ("Delivery Native" or "Defendant"):

**NATURE OF THE ACTION**

1. This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and the common law.

2. Plaintiff Skratch Labs is headquartered in Boulder, Colorado and is a well-known manufacturer and seller of sports and hydration drink mixes, foods, catering services, and mobile street vending services. Defendant has opened a business in Boulder, Colorado under the name "Scratch Kitchen" and has undertaken a marketing and branding campaign under the name "Scratch Kitchen" in connection with the sale of food, catering services and mobile vending services that infringes Skratch Labs' intellectual property rights. Defendant's goods and services are in no way affiliated with or authorized by Plaintiff. Defendant's actions have caused actual

confusion, and are likely to continue to cause confusion and to deceive consumers and the public regarding the source of Defendant's products and to harm the distinctive quality of Skratch Labs' marks.

## PARTIES, JURISDICTION AND VENUE

3. Skratch Labs is a Colorado limited liability company, with its principal place of business at 2885 Wilderness Place, Boulder, Colorado 80301.

4. Delivery Native, Inc., doing business as Scratch Kitchen, is a Delaware Corporation with its principal place of business at 2299 Pearl Street, Suite 300, Boulder, CO 80302.

5. The Court has subject matter jurisdiction over Skratch Labs' Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Skratch Labs' common law claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because that claim is joined with substantial and related claims under the Lanham Act, and is so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

6. The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Colorado and the constitutional requirements of due process because the Defendant and/or its agents transacts business and/or offers to transact business within the State of Colorado. Specifically, Defendant's principal place of business is in Colorado, and it advertises, offers for sale, sells and distributes food and food related services within the State of Colorado.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## FACTUAL ALLEGATIONS

**A. Skratch Labs And Its 'Skratch Labs' Marks.**

8. Skratch Labs is a well-known manufacturer and seller of sports and hydration drink mixes, foods, catering services, mobile street vending services, apparel, education and related nutrition products. The Boulder, Colorado based company, which was formed in 2012, is one of the most innovative sports and nutrition companies in the country.

9. Since at least February 2012, Skratch Labs has continuously used its "Skratch Labs" and "Skratch" marks (the "Skratch Labs Marks") to distinguish its nutrition, food, catering, mobile vending services, apparel, and accessory products from other nutrition, food, catering mobile vending, apparel, and accessory products and to indicate Skratch Labs as their sole point of origin.

10. Skratch Labs is the owner of multiple-class United States Patent and Trademark Registration No. 5,131,055 for the word mark "Skratch Labs" in standard character format for goods and services in International Classes 029, 030, 035 and 043 ("the '055" Registration"). A copy of the '055 Registration is attached hereto as Exhibit 1.

11. Skratch Labs is the owner of multiple-class United States Patent and Trademark Registration No. 4,309,959 for the word mark "Skratch Labs" in standard character format for goods and services in International Classes 005 and 032 ("the '959" Registration"). A copy of the '959 Registration is attached hereto as Exhibit 2.

12. Skratch Labs is the owner of multiple-class United States Patent and Trademark Registration No. 4,615,890 for the word mark "Skratch" in standard character format for goods

and services in International Classes 005 and 032 ("the '890" Registration"). A copy of the '890 Registration is attached hereto as Exhibit 3.

13. The '055, '959 and '890 Registrations are valuable assets to Skratch Labs, and have considerable goodwill and value.

14. Skratch Labs prominently features its Skratch Labs Marks in its product advertising, whether online, in print, at the point-of-purchase, at its Boulder, Colorado headquarters, and, at outdoor events, as depicted below:





15. Skratch Labs also uses the Skratch Labs Marks in connection with a variety of Skratch Labs' products, including energy bars, baking mixes and cookbooks. Select examples of this use are depicted below.

  

16. Skratch Labs operates a website at www.skratchlabs.com to promote its goods and services.

17. Through Skratch Labs' substantial investment in and continuous and extensive sales, advertising, and promotion of its goods under the Skratch Labs Marks, and through the exercise of control over the quality of goods sold under the Skratch Labs Marks, the Skratch Labs Marks have amassed substantial and valuable goodwill and consumer recognition. Consumers closely associate the distinctive Skratch Labs Marks with Skratch Labs and its goods.

18. Skratch Labs has not authorized Defendant to use the Skratch Labs Marks in any manner whatsoever.

B.  Delivery Native's Infringing Activities.

19. Defendant Delivery Native offers for sale, and sells food, food delivery and catering services within the State of Colorado.

20. Defendant recently started doing business as "Scratch Kitchen" (Exhibit 4) and launched a marketing and branding campaign featuring a variety of confusingly similar imitations of the Skratch Labs Mark (the "Infringing Marks") in connection with its food products, delivery and catering services. For example, Defendant began selling food and food services under the mark "Scratch Kitchen" as depicted below:



21.     Delivery Native operates a website at www.scratchkitchen.com to promote its food catering and food delivery services:



22.     In addition, Defendant has filed an application with the United States Patent and Trademark Office to register the mark "Scratch Kitchen Concepts" in International Class 035 for "retail and online restaurant services; retail and online restaurant services featuring carry-out services; retail and online restaurant services featuring delivery services; retail and online restaurant services featuring carry-out and delivery services; online ordering services in the field of restaurant take-out and delivery;" and International Class 043 for "restaurant services; restaurants featuring delivery; take-out restaurant services; restaurant services featuring carry-out and delivery services." Exhibit 5.

23.     Defendants' Infringing Marks are confusingly similar in sight and sound. The wording "Kitchen" and "Kitchen Concepts" in the Infringing Marks are merely descriptive of or generic for Defendants' goods and services. Thus, this wording is less significant in terms of affecting the mark's commercial impression, and renders the wording "Scratch" the dominant element of the Infringing Marks.

24. The marks Skratch Labs and Scratch Kitchen, and Scratch Kitchen Concepts are similar, and consumers who encounter the marks used in connection with similar or related services are likely to be confused as to the source of those services.

25. The goods advertised and sold by Defendant under the Infringing Marks are similar to and compete with goods advertised and sold by Skratch Labs under the Skratch Labs Mark, and these goods travel through overlapping channels of trade.

26. Specifically, as is made clear by Defendant's USPTO Trademark Application, Defendant's goods fall within the exact same classes of goods for which the Skratch Labs Mark is registered, i.e., International Classes 035 and 043. Exhibits 1, 5.

27. Subsequent to Skratch Labs' adoption and use of the "Skratch Labs" mark as set forth in the '055, '959 and '890 Registrations, and without the consent of Skratch Labs, Delivery Native began promoting and selling food, snacks, catering and mobile food services under the mark "Scratch Kitchen."

28. Delivery Native's products and services are related and/or closely affiliated to those of Skratch Labs and the '055, '959 and '890 Registrations.

29. Defendant's use of the Infringing Marks has caused confusion, mistake, or deception in the market as to the source or origin of Defendant's goods, and has falsely suggested that Defendant and its goods are sponsored by, connected to, or associated with Skratch Labs. Such use trades on the goodwill associated with Skratch Labs' Marks, which has been built up by Skratch Labs at great expense.

30. Defendant's use of the Infringing Marks is likely to continue to cause confusion, mistake, or deception in the market as to the source or origin of Defendant's goods, and to falsely

suggest that Defendant and its goods are sponsored by, connected to, or associated with Skratch Labs. Such use trades on the goodwill associated with Skratch Labs' Skratch Labs Marks, which has been built up by Skratch Labs at great expense.

31. Upon information and belief, Defendant knowingly and intentionally commenced use of the Infringing Marks with knowledge of the Skratch Labs Marks and Skratch Labs' products offered under the Skratch Labs Marks.

32. Skratch Labs has repeatedly notified Defendant of Skratch Labs' intellectual property rights in the Skratch Labs Marks.

33. In February and March, 2020, Skratch Labs' CEO contacted Defendants' CEO directly by email and telephone, and discussed the matter in an attempt to resolve the matter amicably. Defendant's CEO assured Skratch Labs' that Defendant would review the matter and contact Skratch Labs, Defendant refused to communicate further.

34. On April 30, 2020, Skratch Labs sent a letter to Defendant demanding it cease and desist from its use of the Infringing Marks. Exhibit 6.

35. Despite receiving these multiple notifications, Defendant has persisted in its intentional, concerted course of conduct.

36. By using the Infringing Marks in connection with nutrition, food, catering, mobile vending services, Defendant is willfully and intentionally trading upon the goodwill Skratch Labs has at its considerable expense and effort developed in the Skratch Labs Marks. Defendant thereby has caused and is causing Skratch Labs substantial and irreparable harm and injury.

## FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114)

37. Skratch Labs repeats and realleges the statements made above, as though fully set forth herein.

38. Despite repeated demands by Skratch Labs that Defendant cease use of the Skratch Labs Marks in connection with its products and services, Defendant continues to use the Skratch Labs Marks in connection with the promotion and sale of Defendant's products and services. Such use has and is likely to cause consumers to erroneously believe that Defendant is sponsored by, associated, or affiliated with Skratch Labs, or that Skratch Labs is the source of or has authorized Defendant's goods and services.

39. Defendants' actions constitute willful infringement of Skratch Labs' exclusive rights in the '055, '959, and '890 Registrations in violation of 15 U.S.C. §1114.

40. As a direct and proximate result of Defendant's conduct, Skratch Labs has suffered irreparable harm to the Skratch Labs Marks. Unless Defendant is restrained from further infringement of the '055, '959 and '890 Registrations, Skratch Labs will continue to be irreparably harmed.

41. Skratch Labs has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue. Defendant's use of the confusingly similar Skratch Labs Marks is done with the intent to cause confusion and mistake, and to deceive customers concerning the source of sponsorship of Defendant's products and services.

42. As a consequence of Defendant's actions, Skratch Labs has suffered damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A))

43. Skratch Labs repeats and realleges the statements made above, as though fully set forth herein.

44. Skratch Labs commenced use of the Skratch Labs Marks in interstate commerce prior to any use of the Infringing Marks by Defendant.

45. Defendant is not authorized to use the Skratch Labs Marks or any designation confusingly similar to or that in any way represents or implies that Defendant and/or its services are in any way associated with Skratch Labs and/or with Skratch Labs' products offered under the Skratch Labs Marks.

46. Defendant's use of the Infringing Marks constitutes false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's use of the Infringing Marks has and is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of its products, and to falsely suggest that Defendant's services are sponsored by, connected to, or otherwise associated with Skratch Labs.

47. As a direct and proximate result of Defendant's actions described herein, Skratch Labs has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are preliminarily and permanently enjoined. Skratch Labs has no adequate remedy at law.

48. As a direct and proximate result of Defendant's actions described herein, Skratch Labs is entitled to a monetary recovery under 15 U.S.C. § 1117 in an amount to be proven at trial.

49. Defendant's actions described herein have been knowing, willful, and deliberate. This is therefore an exceptional case within the meaning of 15 U.S.C. § 1117(a), and Skratch Labs should be awarded enhanced damages and its reasonable costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (COMMON LAW UNFAIR COMPETITION)

50. Skratch Labs repeats and realleges the statements made above, as though fully set forth herein.

51. Defendant's use of the Infringing Marks as alleged herein constitutes common law unfair competition. Defendant's use of the Infringing Marks is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's services, and to falsely suggest that Defendant and its services are sponsored by, connected to, or associated with Skratch Labs.

52. Defendant's wrongful use of the Infringing Marks is knowing, deliberate, and willful.

53. As a direct and proximate result of Defendant's actions described herein, Skratch Labs has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. Skratch Labs has no adequate remedy at law.

54. As a direct and proximate result of Defendant's actions described herein, Skratch Labs has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (FEDERAL CYBERSQUATTING PURSUANT TO 15 U.S.C. 1125(d))

55.     Skratch Labs repeats and realleges the statements made above, as though fully set forth herein.

56.     Defendant is not authorized to use the infringing mark Scratch Kitchen with any Internet domain name, or as a portion of any Internet domain name.

57.     Defendant's domain name www.scratchkitchen.com is confusingly similar to Skratch Labs' Skratch Labs Marks.

58.     Defendant has a bad faith intent to profit, and has profited, from the Skratch Labs Marks by the registration and/or use of the domain name www.scratchkitchen.com.

59.     Defendant's registration and/or use of the domain name www.scratchkitchen.com constitutes cybersquatting, in violation of 15 U.S.C. § 1125(d).

60.     By its conduct, Defendant has caused Skratch Labs irreparable harm, damage, and injury to the value and goodwill of Skratch Labs' Skratch Labs Mark as well as to Skratch Labs' business, goodwill, and reputation.

61.     Upon information and belief, Defendant will continue to use and promotes its unauthorized and infringing domain name www.extractlabs.com unless restrained and enjoined by this Court.

62.     Skratch Labs has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### (DECEPTIVE TRADE PRACTICES UNDER C.R.S. § 6-1-105)

63.     Skratch Labs repeats and realleges the statements made above, as though fully set forth herein.

64. Defendant has engaged in deceptive trade practices within the meaning of C.R.S. §6-1-105(b) by knowingly making a false representation as to the source, sponsorship, approval, or certification of goods and services in connection with the Infringing Marks, as well as §6-1-105(c) by knowingly making a false representation as to affiliation, connection, or association with or certification by another by causing actual confusion, and a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

65. Skratch Labs is entitled to injunctive relief from Defendant's deceptive trade practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Skratch Labs prays that this Court:

A. Preliminarily and permanently enjoin and restrain Defendant, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the Skratch Labs Mark and any other mark or designation confusingly similar to the Skratch Labs Mark and from unfairly competing with Skratch Labs in any manner whatsoever;

B. Order Defendant to pay to Skratch Labs such damages as Skratch Labs has sustained by reason of Defendant's false designation of origin, unfair competition, and other wrongful conduct;

C. Order Defendant to account for and to pay Skratch Labs all profits derived by Defendant by reason of the acts complained of herein;

D. Treble all profits and damages owing to Skratch Labs due to Defendant's willful false designation of origin pursuant to 15 U.S.C. § 1117(a);

E. Order Defendant to pay Skratch Labs its reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1117(a) and/or other applicable law; and

F. Grant Skratch Labs such other and further relief as the Court may find to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Skratch Labs hereby demands a jury trial on all issues triable by jury.

Respectfully submitted this 1st day of June, 2020.

LaszloLaw

s/ Michael J. Laszlo
Theodore E Laszlo, Jr. (#26234)
Michael J. Laszlo (#38206)
2595 Canyon Boulevard, Suite 210
Boulder, Colorado 80302
Telephone: (303) 926-0410
Fax: (303) 443-0758
Email: mlaszlo@laszlolaw.com

***Attorneys for Skratch Labs LLC***

**Plaintiff's Address**
2885 Wilderness Place
Boulder, Colorado 80301