# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1565-WJM-STV

SKRATCH LABS LLC, a Colorado limited liability company,

    Plaintiff,

v.

DELIVERY NATIVE, INC., d/b/a "Scratch Kitchen," a Delaware Corporation,

    Defendant.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is scheduled for August 19, 2020 at 9:30am.

**Appearing for Plaintiff:**

Michael J. Laszlo, LaszloLaw, 2595 Canyon Blvd. Suite 210 Boulder, CO 80302, Telephone (303) 926-0410; mlaszlo@laszlolaw.com

**Appearing for Defendant:**

Eric Ball, Fenwick & West, 801 California St, Mountain View, CA 94041, Telephone (650) 988-8500, eball@fenwick.com

### 2. STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction over Skratch Labs' Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Skratch Labs' common law claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a)

because that claim is joined with substantial and related claims under the Lanham Act, and is so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Plaintiff Skratch Labs asserts that Defendant Delivery Native's use of the phrases "Scratch Kitchen," "Scratch Kitchen Concepts," and "scratchkitchen.com" in connection with its products and services constitutes a violation of Plaintiff's statutory and common law trademark rights under 15 U.S.C. §1114 and 1125(A); unfair competition deceptive trade practices under C.R.S. § 6-1-105. Further, Plaintiff asserts that Defendant's registration and/or use of the domain name www.scratchkitchen.com constitutes cybersquatting, in violation of 15 U.S.C. § 1125(d).

b. Defendants:

Delivery Native operates its website and platform in good faith to offer its own services. Delivery Native contends that use of the phrases "Scratch Kitchen," "Scratch Kitchen Concepts," and "scratchkitchen.com" with a software platform and delivery service, do not cause confusion with Skratch Labs' purported marks, which are used for niche athletic performance products. Delivery Native further contends that Plaintiff's claimed marks are weak and descriptive, that Plaintiff has suffered no harm as a result of any "Scratch Kitchen" marks, and that Plaintiff has permitted expansive use of "scratch"-based marks by third parties in food preparation services. Delivery Native also contends that Plaintiff has engaged in false advertising.

Delivery Native asserts the defenses of: lawful use, failure to state a claim, laches, and unclean hands. Delivery Native has also asserted counterclaims of invalidity and non-infringement. Delivery Native's use of the phrases "Scratch Kitchen" "Scratch Kitchen Concepts," and "scratchkitchen.com" and related domain has not and will not cause harm to Plaintiff.

   c. Other Parties:

    N/A

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Skratch Labs LLC is a Colorado limited liability Company.

2. Delivery Native, Inc., doing business as Scratch Kitchen, is a Delaware Corporation.

3. Delivery Native operates a website at www.scratchkitchen.com to promote its virtual food hall and food delivery services.

4. Delivery Native has filed U.S. Trademark Application Serial No. 88/721,544 with the United States Patent and Trademark Office to register the mark "Scratch Kitchen Concepts" in International Class 035 for retail and online restaurant services; retail and online restaurant services featuring carry-out services; retail and online restaurant services featuring delivery services; retail and online restaurant services featuring carry-out and delivery services; online ordering services in the field of restaurant take-out and delivery; and International Class 043 for restaurant services; restaurants

featuring delivery; take-out restaurant services; restaurant services featuring carry-out and delivery services.

5. Delivery Native has filed U.S. Trademark Application Serial No. 88/923,097 with the United States Patent and Trademark Office to register the mark "scratchkitchen.com" in International Class 035 for retail and online restaurant services; retail and online restaurant services featuring carry-out services; retail and online restaurant services featuring delivery services; retail and online restaurant services featuring carry-out and delivery services; online ordering services in the field of restaurant carry-out and delivery with a first use date of March 27, 2020.

## 5. COMPUTATION OF DAMAGES

Plaintiff:

Plaintiff seeks all damages to which it is entitled under the Lanham Act and C.R.S. § 6-1-105, including but not limited to lost sales, lost profits, and disgorgement of Defendant's profits obtained under its infringing marks. Defendant's sales revenues and appropriate deductible costs will be obtained by Plaintiff during discovery, which will allow Plaintiff to calculate the monetary relief to which it is entitled. Plaintiff will seek reimbursement of its attorney fees and costs.

Defendant:

Delivery Native notes that Plaintiff has failed to provide any calculations related to any lost sales or other damages theories, except for its claim for disgorgement of profits. Delivery

4

Native intends to seek reimbursement of its legal fees and costs, which amounts are not ascertainable at this time.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. *Date of Rule 26(f) meeting.* July 13, 2020.

b. *Names of each participant and party he/she represented.*

Michael J. Laszlo, LaszloLaw, representing Skratch Labs LLC.

Eric Ball and Garner Kropp, Fenwick & West, representing Delivery Native.

c. *Statement as to when Rule 26(a)(1) disclosures were made or will be made.*

As Delivery Native did not answer until August 5, 2020, the parties have agreed to exchange disclosures by August 31, 2020.

d. *Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).*

None, except for the extension of time to exchange disclosures until August 31, 2020.

e. *Statement concerning any agreements to conduct informal discovery:*

The Parties will remain open to informal discovery however, no agreements have been made at this time.

f. *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.*

Counsel have agreed to use a unified exhibit numbering system in this case.

g. *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.*

The parties have discussed the production of electronically stored information and reviewed the checklist for rule 26(f) meet-and-confer regarding electronically stored information and do not believe that case will not involve extensive ESI, although most relevant documents are stored and will be produced electronically.

The parties agree to adhere to the Sedona Principle regarding disputes relating to electronic discovery. See www.thesedonaconference.org

The parties will continue to discuss the most efficient format for producing their respective documents in this case, including in PDF, native, and/or individual tiffs with load files. Delivery Native's position is that native or tiff files are most efficient. Delivery Native reserves the right to object to any substantial production of PDF only documents.

    h.    *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.*

The parties have discussed settlement of the case but resolution at this time is not likely. The parties have agreed to remain open to mediation and settlement discussions.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

    a.    *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.*

The parties agree to the default limits of 10 fact depositions and 25 interrogatories. The parties reserve the right to seek additional depositions.

    b.    *Limitations which any party proposes on the length of depositions.*

The parties agree to the default limit of 7 hours.

 c. *Limitations which any party proposes on the number of requests for production and/or requests for admission.*

Plaintiff requests a maximum of 25 requests for documents and 25 requests for admissions per side  Defendant is continuing to assess the scope of discovery.  But given the number of claims, defenses, elements and tests underlying those claims and defenses, and the products and services at issue, Defendant believes it is premature to limit the discovery to 25 requests for production of documents and 25 requests for admissions.  The parties agree to cooperate in seeking discovery proportional to the needs of the case.

 d. *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:*

March 26, 2021

 e. *Other Planning or Discovery Orders*

The parties anticipate conferring on and filing a stipulated protective order.

The parties agree that depositions may occur without further coordination except as to date and time at the noticing counsel's office address as listed herein.  Depositions at other locations will be coordinated in good faith.

## 9. CASE PLAN AND SCHEDULE

 a. *Deadline for Joinder of Parties and Amendment of Pleadings:*

October 3, 2020

 b. *Discovery Cut-off:*

April 26, 2021 for all fact discovery

July 30, 2021 for all expert discovery

    c.    *Dispositive Motion Deadline:*

October 28, 2021

    d.    *Expert Witness Disclosure:*

    1.    The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: industry, damages, consumer survey

Defendant: industry, damages, consumer survey, brand valuation, FDA and similar regulation compliance.

    2.    Limitations which the parties propose on the use or number of expert witnesses.

The parties agree to a maximum of five experts per side, exclusive of rebuttal expert witnesses.

    3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 15, 2021

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 30, 2021.

    e.    Identification of Persons to Be Deposed:

Plaintiff:

Delivery Native, Inc. - 7 hours
Michael Joseph – 7 hours
Plaintiff reserves the right to add additional witnesses
Defendant's designated experts

Defendant:
Skratch Labs, LLC – 7 hours
Ian McGregor – 7 hours

Allen Lim– 7 hours
Elliot Freeman – 7 hours
Barabara Osgood-Harntness – 7 hours
Mark Siebert – 7 hours
Scratch Sandwich Company – 3 hours
Third Party Users of a SCRATCH based mark – 3 hours
Defendant reserves the right to add additional witnesses
Plaintiff's designated experts

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_\_ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S.

Courthouse/Federal Building, , La Plata County Courthouse

1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ____ day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

LASZLOLAW

s/ Michael J. Laszlo
Theodore E Laszlo, Jr. (#26234)
Michael J. Laszlo (#38206)
2595 Canyon Boulevard, Suite 210
Boulder, Colorado 80302
Telephone:  (303) 926-0410
Fax:  (303) 443-0758
Email:  mlaszlo@laszlolaw.com

*Attorneys for Skratch Labs LLC*

FENWICK & WEST LLP

*s/ Eric Ball*
Eric Ball
eball@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:  650.988.8500

*Attorneys for Delivery Native, Inc.*