**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1565-WJM-STV

SKRATCH LABS LLC, a Colorado limited liability company,

    Plaintiff and Counterclaim Defendant,

v.

DELIVERY NATIVE, INC., d/b/a Scratch Kitchen, a Delaware corporation,

    Defendant and Counterclaim Plaintiff.

---

**ORDER DENYING PLAINTIFF'S PARTIAL MOTION TO DISMISS AND TO STRIKE PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(f)**

---

Before the Court is Plaintiff Skratch Labs LLC's Partial Motion to Dismiss and to Strike Pursuant to Fed. R. Civ. P. 12(b)(6) AND 12(f) ("Motion"). (ECF No. 23.) For the following reasons, the Motion is denied.

**I. BACKGROUND[1]**

Headquartered in Boulder, Colorado and formed in 2012, Plaintiff is a manufacturer and seller of sports and hydration mixes, foods, catering services, mobile street vending services, apparel, education, and related nutrition products. (ECF No. 1 ¶¶ 2, 8.) Plaintiff uses its "Skratch Labs" and "Skratch" marks ("Skratch Labs Marks"), registered with the United States Patent and Trademark Office, to distinguish its

---

[1] The Background is drawn from Plaintiff's Complaint (ECF No. 1) and Defendant Delivery Native, Inc.'s Counterclaims and Answer to Skratch Labs LLC's Complaint and Demand for Jury Trial ("Counterclaims") (ECF No. 15). The Court assumes the allegations contained in the Complaint and the Counterclaims to be true for the purpose of deciding the Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

business from other businesses and products and to indicate Skratch Labs as the sole point of origin of its products.  (*Id.* ¶ 9.)  According to Plaintiff, the Skratch Lab Marks are valuable assets which have considerable goodwill and value.  (*Id.* ¶ 13.)

Defendant opened a business in Boulder, Colorado under the name "Scratch Kitchen" and has undertaken a marketing and branding campaign under that name in connection with the sale of food, catering services, and mobile vending services.  (*Id.* ¶ 2.)  Plaintiff alleges that Defendant's goods are services are not affiliated with or authorized by Plaintiff.  (*Id.*)  In addition, Plaintiff alleges that Defendant's marketing campaign features "a variety of confusingly similar imitations of the Skratch Labs Mark . . . in connection with its food products, delivery, and catering services."  (*Id.* ¶ 20.)  Plaintiff alleges that Defendant's marks are "confusingly similar in sight and sound," and that "consumers who encounter the marks . . . are likely to be confused as to the source of those services."  (*Id.* ¶¶ 23–24.)  In February and March 2020, the chief executive officers of Plaintiff and Defendant discussed the matter in attempt to resolve it amicably.  (*Id.* ¶ 33.)  However, after Defendant's CEO assured Plaintiff that Defendant would review the matter and contact Plaintiff, Defendant refused to communicate further.  (*Id.*)

On June 1, 2020, Plaintiff filed the Complaint, asserting claims for federal trademark infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a); common law unfair competition; federal cybersquatting under 15 U.S.C. § 1125(d); and deceptive trade practices under Colorado Revised Statute § 6–1–105.  (ECF No. 1.)

In response, Defendant filed the Counterclaims, asserting claims for declaratory judgment of non-infringing use; and cancellation of the Skratch Labs trademark

registrations.  (ECF No. 15.)  In the Counterclaims, Defendant alleges that its business is distinguishable from Plaintiff's business, noting in particular that Plaintiff does not offer conventional food or meals to its clients.  (*Id.* ¶ 1.)  Defendant alleges that Plaintiff has "a history of bullying and taking advantage of others" and has "attacked at least two Colorado businesses."  (*Id.* ¶ 2.)  Further, Defendant alleges that its business is distinct from and not confusing with Plaintiff's business, its marks are not confusing, Plaintiff misuses its marks and exceeds the scope of its rights therein, and Plaintiff engages in false advertising, which weakens any valuation to its claimed brand or trademark rights.  (*See generally* ECF No. 15.)

On August 26, 2020, Plaintiff filed the Motion, requesting that the Court dismiss Defendant's declaratory judgment counterclaim as redundant under Federal Rule of Civil Procedure 12(b)(6) and strike Defendant's allegations of false advertising as immaterial, irrelevant, and scandalous under Rule 12(f).  (ECF No. 23.)  Defendant filed a response (ECF No. 25), to which Plaintiff replied (ECF No. 27).  The Motion is thus ripe for review.

## II. LEGAL STANDARD

### A.    Rule 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

The Rule 12(b)(6) standard requires the Court to "assume the truth of the

plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk*, 493 F.3d at 1177.  Thus, in ruling on a Motion to Dismiss under Rule 12(b)(6), the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556). However, "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[C]omplaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' . . . 'will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

**B.     Rule 12(f)**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . ."  Fed. R. Civ. P. 12(f).  "The rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case."  *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant*

4

*Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)); *see also RTC v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

However, motions to strike are disfavored and will only be granted under the rarest of circumstances. *Sierra Club*, 173 F.R.D. at 285. As such, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). Further, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285. Moreover, regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion. *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

### III. ANALYSIS

**A.      Motion to Dismiss Counterclaim for Declaratory Judgment**

Plaintiff argues that Defendant's counterclaim for declaratory judgment is redundant of Plaintiff's claims for infringement and should be dismissed under Rule 12(b)(6). (ECF No. 23 at 3.) In fact, Plaintiff argues that the claim for declaratory judgment is "precisely the type of mirror-image request for declaratory relief that courts have consistently held to lack the requisite useful purpose due to redundancy." (*Id.* at 7.) Plaintiff emphasizes that Defendant asks the Court to decide the "exact same issues" presented in Plaintiff's first claims for relief for trademark infringement, including: (1) whether Plaintiff owns a valid trademark entitled to protection, (2) whether Defendant is infringing Plaintiff's marks, and (3) whether this case is exceptional, meriting an award

5

of attorneys' fees under 15 U.S.C. § 1117.  (*Id.*)

In response, Defendant argues that Plaintiff has mischaracterized Defendant's products and services and instead has focused on "a narrow, vague, and inaccurate depiction of Delivery Native's SCRATCH KITCHEN brand as a simple restaurant and catering company." (ECF No. 25 at 6.)  Defendant underscores that Plaintiff fails to mention that Defendant's software services or larger platform to offer third parties a venue through which they can sell their food and non-food products.  (*Id.*)  As such, Defendant contends that its counterclaim explains the full scope of its marks' uses and contrasts the unique service Defendant markets, which is separate from Plaintiff's goods.  (*Id.* at 10.)  In other words, Defendant asserts that the counterclaim fills the "gap" created by Plaintiff's allegations.  (*Id.* at 6.)

The Declaratory Judgment Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . ." 28 U.S.C. § 2201(a).  The Court "is not obliged to entertain every justiciable declaratory claim brought before it."  *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994).  The Tenth Circuit has identified certain factors a court should consider when determining whether to exercise jurisdiction over a declaratory judgment claim:

> [1] whether a declaratory action would settle the controversy;
> [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between

> our federal and state courts and improperly encroach upon
> state jurisdiction; and [5] whether there is an alternative
> remedy which is better or more effective.

*Id.* at 983.

Multiple courts have dismissed so-called "mirror image" noninfringement counterclaims in intellectual property actions. *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (dismissing trademark non-infringement counterclaim because "once the Court rules on the merits of Count II of the Complaint, the question of whether Defendant infringed upon Plaintiff's marks will be resolved in its entirety"); *see also Interscope Records v. Duty*, 2006 WL 988086, at *3 (D. Az. Apr. 14, 2006) (dismissing declaratory judgment claim in copyright action because "[t]he issue of copyright infringement will be decided by this court regardless of the declaratory judgment claim"). However, "a counterclaim seeking a declaratory judgment is not duplicative or redundant if it asserts an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim." *Ferring B.V. v. Fera Pharm. LLC*, 2014 WL 4829053, at *6 (E.D.N.Y. Aug. 13, 2014) (citations omitted).

For support, both parties cite numerous district court cases from the Tenth Circuit and outside this Circuit, but neither provides binding Tenth Circuit authority determinative of this issue. Regardless, the Court concludes that although the counterclaim for declaratory judgment shares many features of Plaintiff's claims of trademark infringement, Defendant has identified allegations which enlarge the scope of the dispute beyond what Plaintiff has pled. As such, dismissal is inappropriate at this stage.

The comparison with the undersigned's ruling in *Kissing Camels Surgery Center,*

*LLC v. Centura Health Corp.*, 2016 WL 8416760, at *7 (D. Colo. July 13, 2016), is instructive. In *Kissing Camels*, the Court denied a motion to dismiss a counterclaim for declaratory relief. *Id.* In so holding, the Court noted that

> there are often sound litigation reasons to plead a mirror-image counterclaim (*e.g.*, the plaintiff alleges patent infringement while the defendant counterclaims for declaratory judgment of non-infringement). A plaintiff could decide to withdraw the original claim but the defendant might nonetheless want declaratory judgment of non-liability, to remove any uncertainty going forward regarding the parties' rights and duties. Thus, even if United's ERISA claim is redundant of Plaintiffs' claims, the Court sees no reason at this stage to dismiss it.

*Id.* at *7. The same reasoning applies here. As explained above, Defendant has identified distinguishing allegations in the counterclaim regarding its software platform and third-party services which differentiate it from the allegations in the Complaint. Notwithstanding these differences, as in *Kissing Camels*, the Court finds that even if Defendant's counterclaim for declaratory judgment is redundant of Plaintiffs' claims, dismissal at the Rule 12 stage is premature. The first two *State Farm* factors—whether a declaratory judgment action would settle a case or controversy and the declaratory judgment claim's usefulness in clarifying the legal relations at issue—weigh in favor of allowing Defendant's counterclaim. Moreover, Plaintiff raises no argument that Defendant brings the counterclaim in order to "race to *res judicata*," that it would increase friction between the federal and state court systems, or that there is a superior alternative remedy. *See Prograde Ammo Grp. LLC v. Perry*, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015) (denying motion to dismiss counterclaim for declaratory judgment that was allegedly a mirror image of the plaintiff's claims). Accordingly, the Court denies Plaintiff's motion to dismiss Defendant's counterclaim for declaratory

judgment.

B.     **Motion to Strike Allegations of False Advertising**

Plaintiff argues that Defendant's false advertising allegations (ECF No. 15 ¶¶ 253–77) are immaterial, irrelevant, and scandalous, and should be stricken under Rule 12(f).  (ECF No. 23 at 8.)  In the Counterclaims, Defendant alleges a set of false advertising allegations against Plaintiff, which Plaintiff argues are "wholly irrelevant to [Defendant's] Counterclaims, and only serve to degrade [Plaintiff's] reputation and harass and prejudice [Plaintiff] by forcing it to defend against them."  (*Id.* at 9.)  Notably, Defendant has not alleged a claim of false advertising against Plaintiff.  As such, Plaintiff contends there is no plausible link between the false advertising allegations and either of Defendant's counterclaims.  (*Id.*)  In other words, because false advertising is not an element of any counterclaim asserted, the false advertising allegations serve no purpose.  (*Id.*)  Even if the Court finds the false advertising allegations relevant, Plaintiff contends the Court should strike them nonetheless, as they prejudice Plaintiff by harming its reputation and doing potential damage to its business.  (*Id.*)

In response, Defendant argues its allegations are relevant, material, and pertinent to its trademark cancellation counterclaim, and should thus survive the motion to strike.  (ECF No. 25 at 12.)  Specifically, Defendant contends its false advertising allegations "demonstrate unlawful use of Plaintiff's claimed marks" and thus "support cancellation of [Plaintiff's] marks."  (*Id.* at 13.)  The allegations of false advertising include Plaintiff's advertising concerning "the benefits of its products, including that it can cure cholera," "labeling and nutrition claims," and "failure to comply with FDA and sugar tax regulations."  (*Id.* at 14 (citing ECF No. 15 ¶¶ 254–59, 261–69, 304).)

To maintain a trademark, a party's use of the trademark in commerce must be

lawful. (*Id.* at 12–13 (citing *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1225 (10th Cir. 2000) (requiring a party "to show the name was lawfully used in commerce" before granting trademark rights); *In re Morgan Brown*, 119 U.S.P.Q. 2d 1350 (TTAB July 14, 2016) ("We have consistently held that, to qualify for a federal service mark registration, the use of a mark in commerce must be lawful.") (internal quotations omitted)). According to Defendant, its allegations of false advertising relate to its counterclaim for cancellation of trademarks, such that Plaintiff's alleged use of false advertising renders its trademark use unlawful and that its rights in its claimed mark should be canceled. (ECF No. 25 at 14.)

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Sierra Club*, 173 F.R.D. at 285 (citations omitted). Moreover, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Id.* (citations omitted). "Irrelevant allegations will be stricken as scandalous only if they degrade defendants' moral character, contain repulsive language, or detract from the dignity of the court." *Id.* "Relevant allegations will be stricken as scandalous only if they satisfy the above criteria and go into unnecessary detail." *Id.*

Given the exceedingly high burden that Plaintiff must meet for the Court to strike Defendant's false advertising allegations, the Court concludes that Plaintiff's motion to strike must be denied. Defendant has plausibly alleged its false advertising allegations and has argued that they relate to the counterclaim for cancellation of Plaintiff's trademarks. Thus, the allegations are relevant and have "possible bearing on the

controversy." *Id.* at 285. Upon review, the Court finds that the allegations are not "scandalous" such that they go into "unnecessary detail." *Id.* Even if the Court found the allegations irrelevant—which it has not—Plaintiff has failed to make the requisite "showing of prejudice." *Id.* At least one judge in this District has found that "adverse publicity" is "not, in itself, a reason to strike uncomfortable allegations." *McGill v. Corr. Healthcare Cos., Inc.*, 2014 WL 2922635, at *6 (D. Colo. June 27, 2014). Plaintiff's contention that the false advertising allegations will "degrade its reputation" and "inevitably affect public opinion" are insufficient reasons to strike potentially relevant allegations. (ECF No. 23 at 9.) Accordingly, the Court denies Plaintiff's motion to strike Defendant's allegations of false advertising.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff Skratch Labs LLC's Partial Motion to Dismiss and to Strike Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f) (ECF No. 23) is DENIED; and

2. By **April 16, 2021**, the parties shall contact the chambers of United States Magistrate Judge Scott T. Varholak to inquire whether Judge Varholak considers it appropriate to set a status conference in the very near future.

Dated this 14th day of April, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge