**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1565-WJM-STV

SKRATCH LABS LLC, a Colorado company,

    Plaintiff and Counterclaim Defendant,

v.

DELIVERY NATIVE, INC., d/b/a Scratch Kitchen, a Delaware corporation,

    Defendant and Counterclaim Plaintiff.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
NOVEMBER 9, 2021 ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE**

---

This trademark dispute is before the Court on Plaintiff Skratch Labs, LLC's Objection to Magistrate Judge's November 9, 2021 Order Regarding Attorney Client Privilege ("Objection"), filed on November 23, 2021.  (ECF No. 71.)  On December 6, 2021, Defendant Delivery Native, Inc. filed a response in opposition to the Objection.  (ECF No. 76.)  For the following reasons, the Objection is overruled.

**I. STANDARD OF REVIEW**

"Discovery is a nondispositive matter . . . ."  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  When reviewing an objection to a magistrate judge's non-dispositive ruling, the Court must affirm the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil*

*Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation marks omitted). The "contrary to law" standard permits "plenary review as to matters of law," see 12 Charles Alan Wright *et al.*, Federal Practice & Procedure § 3069 (2d ed., Apr. 2016 update), but the Court will set aside a magistrate judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly*, see Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002). In short, "[b]ecause a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused." *Ariza*, 167 F.R.D. at 133.

## II. BACKGROUND

Plaintiff served a subpoena on Defendant's brand consultant Vigor Graphic Design, LLC ("Vigor") that sought documents regarding Defendant. (ECF No. 71-1 at 3.) On September 6, 2021, in response to the subpoena, Vigor produced a considerable amount of information, including multiple e-mails regarding the selection of the name "Scratch Kitchen." (ECF No. 71 at 2.) On September 21, 2021, Vigor sent an e-mail to Plaintiff's counsel that identified six e-mails (the "E-mails") that contained attorney-client privileged information belonging to Delivery Native and had been inadvertently turned over. (*Id.* at 2–3.) On the same day, Defendant sent an e-mail to Plaintiff demanding that the E-mails be destroyed because they were privileged. (*Id.*) Plaintiff objected to Defendant's characterization of the E-mails as privileged but destroyed them as required by the November 20, 2020 Protective Order. (*Id.*; ECF No. 31.)

On October 15, 2021, Plaintiff and Defendant filed a joint statement (the "Joint

Statement") in which they provided arguments in support of their respective positions regarding E-mails' privileged status.  (ECF No. 71-1 at 2–10.)  On October 28, 2021, Judge Varholak conducted a hearing (the "October Hearing") to resolve this discovery dispute as well as several other disputes that are not at issue here.  (ECF No. 65.) Judge Varholak did not make a ruling on the privileged status of the E-mails at the October Hearing.  (ECF No. 71-4.)  He determined that a review of the contents of the E-mails was necessary to evaluate the Defendant's claims of privilege, so he ordered Defendant to submit the E-mails for *in camera* review.  (*Id.* at 10.)  On November 9, 2021, Judge Varholak ruled that the E-mails were protected by attorney-client privilege. (ECF No. 68.)  Plaintiff filed this Objection on November 21, 2021.  (ECF No. 71.)

### III. ANALYSIS

In its Objection, Plaintiff argues that Judge Varholak's decision that the E-mails were protected by attorney-client privilege should be overturned because: (1) he failed to apply the "functional equivalent test"; (2) he failed to consider the agency relationship between Defendant and Vigor; (3) he did not permit Plaintiff to examine Defendant's witnesses; and (4) he did not rule that attorney-client privilege had been waived because Defendant failed to include the E-mails in its privilege log.  (*Id.* at 6–12.)

**A.     Functional Equivalent Test and Agency Relationship**

Plaintiff argues that Judge Varholak "erred when he did not apply, nor require [Defendant] to make, a detailed factual showing of the *Coorstek* elements."  (ECF No. 71 at 8 (citing *Coorstek, Inc. v. Reiber*, 2010 WL 1332845 (D. Colo. Apr. 5, 2010)).)

In the Joint Statement, Plaintiff argued that "Vigor is an independent third party, and its inclusion in [the E-mails] destroys any potential privilege."  (ECF No. 71-1 at 5.) Defendants responded, arguing that:

> The attorney-client privilege extends beyond the client to "nonemployees who possess a significant relationship to the [client] and the [client's] involvement in the transaction that is the subject of legal services." *Horton v. United States*, 204 F.R.D. 670, 672 (D. Colo. 2002) (internal quotations omitted).

(ECF No. 71-1 at 6.) At the October Hearing, Defendant again argued that the Vigor employee who was included in the E-mails did not destroy privilege because he was a "functional equivalent of an employee." (ECF No. 71-4 at 9.) Plaintiff did not address Defendant's argument in the Joint Statement or at the October Hearing.

For the first time in its Objection, Plaintiff addresses the issue of functional equivalence and insists that Judge Varholak should have applied the *Coorstek* elements. (ECF No. 71 at 8.) The Court finds Plaintiff's argument unavailing because "arguments and claims raised for the first time in an objection to a magistrate judge's report and recommendation are waived." *Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).[1]

Plaintiff also argues that Judge Varholak erred because he failed "to consider and the agency relationship between [Defendant] and Vigor with respect to the application of the attorney client privilege." (ECF No. 71 at 8.) But, again, Plaintiff did not raise this argument in the Joint Statement or at the October Hearing. (*See generally* ECF Nos. 71-1, 71-4.) Therefore, this argument has been waived as well. *See Reyes*, 796 F. App'x at 499.

## B. Examination of Witnesses

Defendant attached a declaration of Attorney Kean DeCarlo, who was one of the

---

[1] Even if the argument had not been waived, the Court would find that Judge Varholak's decision was not clearly erroneous. Judge Varholak was not required to apply a legal test from *Coorstek*, which is an unpublished district court opinion. 2010 WL 1332845.

4

parties included in the E-mails.  (ECF No. 71-1.)  Defendant also submitted to the Court a declaration of Michael Joseph in which Mr. Joseph asserted that a confidentiality agreement existed between Delivery Native and Vigor.  (ECF No. 71-5.)  Plaintiff requested an opportunity to cross-examine Mr. DeCarlo and Mr. Joseph, but Judge Varholak denied the request, finding cross-examination unnecessary.  (ECF No. 71-4 at 7.)  Plaintiff argues that Judge Varholak erred in refusing the Plaintiff's request for cross-examination.  (ECF No. 71 at 10.)

Plaintiff fails to cite any binding case law or persuasive authority supporting its contention that Judge Varholak erred when he considered the declarations of Mr. DeCarlo and Mr. Joseph without providing Plaintiff an opportunity to examine the declarants.  (*Id.* at 10–11.)  Accordingly, the Court cannot conclude that Judge Varholak's ruling was clearly erroneous or contrary to law.  Thus, the Objection is overruled to the extent it challenges Judge Varholak's consideration of the Mr. DeCarlo and Mr. Joseph declarations without providing Plaintiff an opportunity to examine the declarants.

## C.    Waiver of Privilege

Finally, Plaintiff argues that Judge Varholak "erred in failing to make a finding with respect to waiver of attorney-client privilege resulting from failure to include the [E-mails] on a privilege log."  (ECF No. 71 at 11.)  Federal Rule of Civil Procedure 26(b)(5)(A) requires a party to expressly make a claim of privilege and describe the nature of their documents and why they are protected.  Fed. R. Civ. P. 26(b)(5)(A).  However, Rule 26(b)(5)(A) only applies to "information otherwise discoverable."  *Id.*  Here, Plaintiff has failed to show that the E-mails were responsive to any discovery request made to Defendant.  Because Plaintiff has not shown that Rule 26(b)(5)(A)

5

applies in these circumstances, Defendant cannot be penalized for failing to meet the Rule's requirements.

Even if Rule 26(b)(5)(A) applies here, Judge Varholak's determination that no waiver occurred was not clear error. (ECF No. 71-6 at 4.) "[W]aiver of the attorney-client privilege should not be imposed based merely on a party's failure to assert an objection within the time provided by the federal rules." *Pham v. Hartford Ins. Co.*, 193 F.R.D. 659, 662 (D. Colo. 2000). Here, Plaintiff has not alleged that Defendant was acting in bad faith, and after Defendant learned that Vigor had mistakenly turned over privileged documents, Defendant promptly updated its privilege log. (ECF No. 76 at 2.) In these circumstances, the Court finds that Judge Varholak did not abuse his discretion in determining that Defendant retained its privilege over the E-mails. *See Obeslo v. Great-W. Cap. Mgmt., LLC*, 2017 WL 10591346, at *3 (D. Colo. Feb. 21, 2017) (holding that a defendant did not waive privilege even though a privilege log was not produced until plaintiff filed a motion to compel.)

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Plaintiff's Objection (ECF No. 71) is OVERRULED; and
2. Judge Varholak's Order (ECF No. 68) is AFFIRMED insofar as it found that the E-mails are protected by attorney-client privilege.

Dated this 13th day of January, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

7